OPINION
Plaintiff-appellant the State of Ohio appeals the September 20, 2001 Judgment Entry of the Fairfield County Court of Common Pleas which dismissed the State's motion to classify defendant-appellee Lewis A. Carlton as a sexual predator.
 STATEMENT OF THE CASE AND FACTS
On November 10, 1988, appellee was indicted by the Fairfield County Grand Jury on two counts of rape, in violation of R.C. 2907.02, and one count of kidnaping, in violation of R.C. 2905.01. On January 24, 1989, appellee plead guilty to two counts of gross sexual imposition, in violation of R.C. 2907.05, and one count of abduction, in violation of R.C. 2905.02. In a January 24, 1989 Judgment Entry, appellee was sentenced to 2 ½ years on each of the two gross sexual imposition counts, to be served concurrently, and an indeterminate term of 4 to 10 years for his conviction on abduction. The 4 to 10 year sentence was to be served consecutively to the 2 ½ year term.
In 1990, after serving 2 ½ years of the gross sexual imposition charge, appellant was released from incarceration and placed on probation for the abduction charge. On July 29, 1991, appellant's probation was revoked and he was ordered to serve the 4 to 10 year sentence on the abduction charge. On September 8, 1997, appellant filed a request to hold a sexual predator classification hearing. No action was taken on the request by the trial court. On September 15, 1999, appellant filed its second request for a hearing date to determine appellee's sexual predator classification. Again, the trial court took no action on this request.
On April 24, 2001, prior to appellee's completing his sentence on the abduction charge, appellant filed a third motion for a sexual predator classification hearing. On May 10, 2001, appellee filed a Pro Se Motion to Dismiss the Classification. On July 19, 2001, the trial court served appellee with notice of the sexual classification hearing set for September 21, 2001. On July 16, 2001, appellee's counsel filed a Memorandum of Support and Motion to Dismiss the classification hearing. Appellee was released from prison on July 25, 2001, after serving ten years on the abduction charge.
After reviewing the filings of the parties, the trial court issued a Memorandum of Decision on September 20, 2001. In a September 25, 2001 Judgment Entry, citing the reasons set forth in the memorandum of decision, the trial court granted appellee's motion to dismiss. It is from this judgment entry appellant prosecutes its appeal, assigning the following error for our review:
 THE TRIAL COURT'S DECISION THAT IT LACKED JURISDICTION AND SHOULD GRANT APPELLEE'S MOTION TO DISMISS WAS AN ABUSE OF DISCRETION AND CONTRARY TO LAW.
 I
In its sole assignment of error, the State maintains the trial court's decision it lacked jurisdiction to hold a sexual predator status hearing was an abuse of discretion and contrary to law. We disagree.
Because the trial court's determination of whether it has subject-matter jurisdiction involves a question of law, we review the trial court's determination de novo. McClure v. McClure (1997),119 Ohio App.3d 76, 79; State v. Walls, (2000), Butler App. No. CA99-10-174.
R.C. 2950 governs classifications of sex offenders. The adjudication of an offender as a sexual predator or as an habitual sex offender is governed by R.C. 2950.09. The statute provides, in relevant part:
 (C)(1) If a person was convicted of or pleaded guilty to a sexually oriented offense prior to January 1, 1997, if the person was not sentenced for the offense on or after January 1, 1997, and if, on or after January 1, 1997, the offender is serving a term of imprisonment in a state correctional institution, the department of rehabilitation and correction shall determine whether to recommend that the offender be adjudicated as being a sexual predator. * * * If the department determines that it will recommend that the offender be adjudicated as being a sexual predator, it immediately shall send the recommendation to the court that sentenced the offender * * * and the court shall proceed in accordance with division (C)(2) of this section.
 (2)(a) * * * The court may deny the recommendation and determine that the offender is not a sexual predator without a hearing but shall not make a determination that the offender is a sexual predator in any case without a hearing. The court may hold the hearing and make the determination prior to the offender's release from imprisonment or at any time within one year following the offender's release from that imprisonment. * * *
 The court may make the determination as to whether the offenderpreviously has been convicted of or pleaded guilty to a sexually orientedoffense without a hearing, * * * The court may conduct a hearing to determine both whether the offender previously has been convicted of or pleaded guilty to a sexually oriented offense and whether to impose a requirement that the offender be subject to the community notification provisions as described in this division, or may conduct a hearing solely to make the latter determination.
(Emphasis added).
In its memorandum of decision, the trial court concluded it could not conduct a hearing pursuant to R.C. 2950.09 because appellant was not currently serving a term of imprisonment and his release from imprisonment for a sexually oriented offense had occurred beyond the one year time frame set forth in R.C. 2950.09(C)(1). Accordingly, the only way in which the trial court could conduct a sexual predator hearing pursuant to the statute was to find abduction to be a sexually oriented offense. The trial court concluded abduction was not a sexually oriented offense. Accordingly, the trial court concluded it lacked jurisdiction pursuant to R.C. 2950.09 to hold a hearing on the sexual predator classification. We agree.
"Sexually oriented offense" is defined in R.C. 2950.09. The statute provides, in relevant part:
 (D) "Sexually oriented offense" means any of the following offenses:
 (1) Regardless of the age of the victim of the offense, a violation of section 2907.02, [Rape] 2907.03, [Sexual Battery] or 2907.05 [Gross Sexual Imposition] of the Revised Code;
* * *
 (3) Regardless of the age of the victim of the offense, a violation of section 2903.01 [Aggravated Murder], 2903.02 [Murder], 2903.11 [Felonious Assault], or 2905.01 [Kidnapping] of the Revised Code, or of division (A) of section 2903.04
[Involuntary Manslaughter] of the Revised Code, that is committed with a purpose to gratify the sexual needs or desires of the offender;
(4) A sexually violent offense;
 (5) A violation of any former law of this state that was substantially equivalent to any offense listed in division (D)(1), (2), (3), or (4) of this section;
* * *
 "* * *[S]exually violent offense" ha[s] the same meaning as in section 2971.01 of the Revised Code." R.C. 2950.01(H).
R.C. 2971.01 defines "sexually violent offense" as:
 (G) * * * a violent sex offense, or a designated homicide, assault, or kidnapping offense for which the offender also was convicted of or pleaded guilty to a sexual motivation specification.
Appellee concedes abduction is not one of the crimes listed as a sexually oriented offense. However, appellant urges this Court to find abduction to be a sexually violent offense pursuant to R.C.2950.01(D)(4). Given the aforementioned definition of sexually violent offense, we cannot conclude the crime of abduction meets the criteria set forth in the statute. Abduction is neither a sex offense, nor a designated homicide, assault, or kidnaping offense for which appellee was also convicted of a sexual motivation specification. Accordingly, we agree with the trial court abduction was not a sexually violent offense.
Finally, appellant asserts abduction was a sexually oriented offense pursuant to R.C. 2950.01(D)(5). Specifically, appellant contends "because this case was so old, appellee's conduct may well have been a violation of any former law of this State which was substantially equivalent to the offenses listed in the remainder of R.C. 2950.01(D)." Appellant has failed to direct this Court to any particular former law which may be applicable. Without a specific reference to a former law which may fit into the statutory scheme, we decline to accept appellant's argument.
Appellant's sole assignment of error is overruled.
The September 25, 2001 Judgment Entry of the Fairfield County Court of Common Pleas is affirmed.
By: HOFFMAN, P.J. WISE, J. and EDWARDS, J.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the September 25, 2001 Judgment Entry of the Fairfield County Court of Common Pleas is affirmed. Costs assessed to appellant.